**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4201

SIR CHADALE LEWIS PATTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-204)

Submitted: August 11, 1998

Decided: September 9, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sir Chadale Lewis Patton, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g)(1) (1994). He appeals the district court's imposition of a ninety-six month term of imprisonment, to run consecutive to a state sentence he was serving. Patton's attorney has filed a brief in accordance with <u>Anders v. California</u>,[1] raising two issues, but stating that, in his view, there are no meritorious issues for appeal. Patton was notified of his right to file a pro se supplemental brief, but has not done so. We find the claims raised by counsel to be without merit, and, after a review of the record, we affirm Patton's sentence.

First, Patton contends that the district court abused its discretion in sentencing him at the highest end of the guideline range. Patton's argument is without merit. As we stated in <u>United States v. Porter</u>,[2] 18 U.S.C. § 3742 (1994) does not allow for appellate review of sentences imposed within a properly calculated guideline range.[3] Because Patton's sentence was within a properly calculated guideline range, this issue is not appealable.

Second, Patton contends that the district court erred in ordering his federal sentence to run consecutive to the state sentence he was currently serving for possession with intent to sell and deliver cocaine. We disagree. United States Sentencing Guidelines§ 5G1.3, which addresses consecutive and concurrent sentences, states that, in order "[t]o achieve a reasonable punishment and avoid unwarranted disparity,"[4] a sentencing court should consider the factors contained in 18 U.S.C. § 3553(a) (1994), which include:

_____

[1] 386 U.S. 738 (1967).
[2] 909 F.2d 789 (4th Cir. 1990).
[3] **See United States v. Porter**, 909 F.2d 789, 794 (4th Cir. 1990).
[4] <u>U.S. Sentencing Guidelines Manual</u> § 5G1.3, comment. (n.3).

2

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense . . .;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant . . . .[5]

A review of the record leads us to the conclusion that the sentencing court adequately considered these relevant factors. After noting that "there has been so much violence in [Patton's] past,"[6] the sentencing court determined that justice would not be served by a concurrent sentence, that the federal offense was separate from Patton's state conviction, and that, because of Patton's pattern of "hurting people," society was in danger as long as Patton was not in prison.[7] Therefore, we find that the district court did not abuse its discretion in imposing a consecutive sentence.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Patton's sentence. Additionally, we deny Patton's counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the records and briefs, and oral argument

_____

[5] 18 U.S.C. § 3553(a).
[6] J.A. at 59.

[7] See id.

3

would not aid the decisional process.

AFFIRMED

4